IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case Nos. CV-06-479-E-BLW |
| | ) | CR-04-148-E-BLW |
| v. | ) | CR-98-75-E-BLW |
| | ) | |
| GUY DEAN NEVADA, SR., | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| Defendant-Movant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1). Having reviewed the record, and being otherwise fully informed, the Court enters the following order dismissing the Motion.

**REVIEW OF § 2255 MOTION**

**A. Procedural Background**

At the outset, the Court notes that the § 2255 Motion was filed in Case No. CR-04-148-E-BLW. However, a review of the Motion indicates that Defendant ("Nevada") may have intended it to be filed in Case No. CR-98-75-E- BLW as several of the allegations refer to that case number. Because Nevada was sentenced in both cases on the same day, and some of his allegations could

conceivably be applicable to either sentencing, the Court will review the history of both cases.

On July 7, 1998, Nevada was charged in Case No. CR-98-75-E-BLW with assault with intent to commit murder (Count 1) and assault resulting in serious bodily injury (Count 2) for repeatedly stabbing one of his sisters; two counts of assault with a dangerous weapon for brandishing a knife in the presence of his mother and another sister (Counts 3 and 4); and another count of assault resulting in serious injury occurring the next day (Count 5). *Indictment* (Docket No. 1). He pled guilty to assault resulting in serious bodily injury (Count 2) and two counts of assault with a dangerous weapon (Counts 3 and 4) and was sentenced to 78 months of imprisonment on each count to be followed by three years of supervised release. *Judgment* (Docket No. 16). He was released from custody on January 23, 2004.

On May 25, 2004, a Supervised Release Petition was filed alleging violations arising out of an incident occurring on May 22, 2004, in which Nevada rammed the patrol car of one tribal police officer and collided with the patrol car of another tribal police officer while they were engaged in the performance of their official duties.

On July 27, 2004, Nevada was charged in Case No. CR-04-148-E-BLW with two counts of assault with a dangerous weapon arising out of the May 22, 2004

incident. *Indictment* (Docket No. 1). Nevada was convicted following a jury trial of one of those counts and acquitted of the other. *Special Verdict Form* (Docket No. 41). Sentencing in both the supervised release revocation proceeding and the new assault conviction were scheduled for the same day.

On September 16, 2005, at the revocation hearing, the Court took judicial notice of the conviction on the new assault charge in Case No. CR-04-148-E-BLW, found it to be a violation of the terms of supervised release, and imposed sentence of 24 months. *Judgment* (Docket No. 42 in CR-98-75-E-BLW). On the same date, the Court imposed sentence of 109 months on the new assault charge to be served consecutively to the sentence imposed in connection with the supervised release revocation. *Amended Judgment* (Docket No. 47 in CR-04-148-E-BLW).

Nevada did not appeal his sentence or conviction in either of the two cases. He filed the pending § 2255 Motion on November 27, 2006, challenging his sentence by alleging violation of the Sixth and Fourteenth Amendment by two probation officers, sentence based on false or misleading statements, failure to correct inaccurate information, ineffective assistance of counsel, and plain error.

### B. Standards of Law

#### 1. Timeliness of § 2255 Motion

In most circumstances, motions filed pursuant to 28 U.S.C. § 2255 must be

filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(6). In a case such as the present one, where there was no direct appeal, a judgment of conviction becomes final ten days after the district court enters judgment. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Judgment was entered in the revocation case on September 16, 2005 and in the new assault case on September 20, 2005. Therefore, those convictions became final on September 26, 2005 and September 30, 2005, respectively. Because the pending § 2255 Motion was not filed until November 27, 2006, it is untimely and subject to dismissal absent equitable tolling. *See* 28 U.S.C. § 2255(6).

Although the Court may raise a statute of limitations issue *sua sponte*, it may not dismiss the proceeding on those grounds without first giving Nevada notice that his motion is subject to dismissal as untimely and an opportunity to respond as required by *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). Here, however, because Nevada's claims are so clearly lacking in merit, it would be a waste of judicial resources to allow Nevada an opportunity to respond. Accordingly, the Court will address the merits of his claim.

### 2. Section 2255 Standard

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his

or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a

determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). Also, a hearing need not be held if the allegations are "palpably incredible or patently frivolous." *Blackledge v. Allison*, 431 U.S. 63, 67 (1977). Rather, a § 2255 motion must allege *specific* facts which, if true, would entitle an individual to relief. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)). Where, assuming the truth of the specific factual allegations when viewed against the record, Defendant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve the factual dispute before the Court can make a determination on the merits. *See United States v. Leonti*, 326 F.3d 1111, 1116; 1122 (9th Cir. 2003).

**C. Discussion**

The underlying theme of Nevada's allegations of ineffective assistance of counsel is what he refers to as the "matter of attempted murder."

**1. Violation of Sixth and Fourteenth Amendment by Probation Officers, Sentence Based on False and Misleading Statements, Failure to Correct Inaccurate Information, and Plain Error.**

Nevada claims that he was not given notice of a change in Probation

Officers and a opportunity to question her regarding the "matter of attempted murder" thereby violating his right to confront his accuser, his right to due process, the right to question witnesses, and the Fourteenth Amendment. He further alleges that he was sentenced based on false and misleading information concerning the attempted murder matter provided by the Probation Officers, that the Court failed to correct the inaccurate information, and that the Court committed plain error in connection with those claims.

The Court has listened to the tape of the combined sentencing hearing held on September 16, 2005. At the end of the hearing, after sentence was imposed, Nevada raised the attempted murder matter. Based on the comments at the hearing as well as the allegations in the § 2255 Motion, it appears that he felt that the Presentence Report and a criminal history report erroneously included a reference to attempted murder. It is unclear whether Nevada is concerned with a perceived distinction between "attempted murder" and "assault with intent to commit murder" or whether he felt that they were indicating that he was guilty of attempted murder.

There is no right, constitutional or otherwise, to be advised of a change in Probation Officers. One Probation Officer was charged with Nevada's supervision, and the other was charged with writing the Presentence Report for the

new assault charge. While a defendant has the right to object to matters contained in the Presentence Report, he has no right to place a Probation Officer on the witness stand and have her testify under oath as Nevada claims he had the right to do. The Presentence Report prepared in connection with Case No. 04-148-E-BLW properly contained a reference to the assault with intent to commit murder charge in Case No. CR-98-75-E-BLW. It also indicated that Nevada was not convicted of that charge. These are matters of public record as well. Fed. R. Crim. P. 32(d)(2)(A)(i) provides that the Presentence Report include a defendant's criminal history. The fact that Nevada was arrested and charged with assault with intent to commit murder is part of that criminal history.

While Nevada may think the Probation Officers were indicating he was guilty of attempted murder, it is abundantly clear that the statements only referred to the fact that he was charged with, but not convicted of, assault with intent to commit murder. The Court was fully aware at sentencing of the disposition of the charge, and it had no effect on the sentence imposed. The Court finds all claims based on "the attempted murder matter" to be clearly frivolous.

**2. Ineffective Assistance of Counsel**

Nevada also alleged ineffective assistance of counsel on the grounds that counsel failed to allow him to show evidence that there was no attempted murder,

that he could not reach his attorney to get information or transcripts for appeal, and that he failed to present mitigating evidence.

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697. *See also Bell v. Cone*, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

Read in context, Nevada's claims appear to be connected to the attempted murder matter. He alleges, in part:

> When the trial was ending and i (sic) kept yelling that there was no attempted murder, my Attorney should have allowed the petitioner to show his evidents (sic) that there was in fact no attempted murder and his attorney should have be (sic) allowed or fought to have the Probation Officer . . . placed on the stand and have her show her evidents (sic) of attempted murder to the court.

§ 2255 Motion at 6.

**a. Failure to Allow Defendant to Show Evidence that There Was No Attempted Murder**

Because this ineffective assistance of counsel claim is based on the frivolous claim discussed above, it is subject to dismissal. Counsel's performance can hardly be considered deficient where the record clearly shows that Nevada was not convicted of attempted murder. Furthermore, the charge was not part of the criminal history computation and had no effect on the guideline range. Therefore, Nevada would not be able to demonstrate prejudice even if he could demonstrate deficient performance.

**b. Notice of Appeal**.

An attorney's failure to file a notice of appeal despite a defendant's specific instructions to do so constitutes deficient performance. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). Where a defendant does not instruct counsel to either file or not file a notice of appeal, the court must first determine whether counsel consulted with the defendant regarding an appeal. *Id.* at 478. If counsel has not done so, then the court must determine whether that failure to consult in and of itself constituted deficient performance. *Id.*

Counsel is not always constitutionally required to consult with a defendant regarding filing a notice of appeal. *Id.* at 479. However, counsel is

constitutionally required to consult with a defendant about whether to file a notice of appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), *or* (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Id.* at 480 (emphasis added).

Nevada does not allege that he instructed his attorney to appeal. Rather, he merely alleges that he could not reach his attorney to obtain transcripts to be able to file an appeal himself. Taken in context, it appears that Nevada wanted to appeal the attempted murder matter. However, there was no reason for counsel to think that a rational defendant would want to appeal that frivolous issue and no behavior or other evidence indicating that Nevada demonstrated to counsel that he was interested in appealing the issue. Accordingly, there is no deficient performance for failing to appeal that issue.

### c. Failure to Offer Mitigation Evidence

Nevada's final claim is that counsel failed to present mitigating evidence. Nevada, however, does not identify that mitigating evidence. If he is referring to mitigating evidence regarding the attempted murder matter, the claim is subject to

dismissal on the grounds that it is frivolous. If he is referring to mitigating evidence regarding his sentencing in general, it is subject to dismissal for lack of specificity. *See Rodriguez*347 F.3d at 824 (a § 2255 motion must allege specific facts); *Shah*, 878 F.2d at 1161 (mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel).

**D. Conclusion**

The Court finds that the allegations regarding the attempted murder matter are "palpably incredible or patently frivolous." *See Blackledge*, 431 U.S. at 63. Furthermore, Nevada's conclusory allegations are insufficient to state a claim of ineffective assistance of counsel regarding the failure to present mitigating evidence. Accordingly, Nevada's § 2255 shall be dismissed in its entirety.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DENIED.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court (1) file a copy of the § 2255 Motion in Case No. CR-04-148-E-BLW, and (2) file this

Memorandum Decision and Order in both cases Case No. CR-98-75-E-BLW and CR-04-148-E-BLW as well as in Case No. CV-06-479-E-BLW.

DATED: **June 4, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge